IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA         :

                                 :

    v.                           :    Criminal No. DKC 03-0046

                                 :

JOSEPH R. DANTONA                :

                                 :

**MEMORANDUM OPINION AND ORDER**

Pending before the court is an appeal filed by Appellant Joseph R. Dantona from a judgment of conviction entered by United States Magistrate Judge Victor H. Laws, III, on January 8, 2003. For the reasons that follow, the judgment will be affirmed.[1]

Appellant was charged by complaint with one count of obstruction of the mails, in violation of 18 U.S.C. § 1701. On June 26, 2002, he appeared with counsel before Judge Laws and

---

[1] After Appellant satisfied the judgment against him, the government filed a motion to dismiss the appeal, contending there was "no longer a case or controversy at issue." (ECF No. 8). Because the ruling below is still capable of redress, that motion will be denied.

Subsequent to the government's motion to dismiss, Appellant filed a motion to appoint counsel. (ECF No. 10). In "misdemeanor and petty offense prosecutions, [the] right to counsel is triggered only if the defendant is actually sentenced to a term of imprisonment." *Cooke v. Keller,* No. 1:10156, 2012 WL 683305, at *6 (M.D.N.C. Mar. 2, 2012) (citations omitted). Because Appellant was not sentenced to a term of imprisonment, his motion to appoint counsel will be denied.

entered a plea of not guilty. The case proceeded to trial on October 9, 2002.[2]

The evidence adduced at trial established that Appellant was a mail carrier, employed by the United States Postal Service. His wife, Kathryn Dantona, testified that, on February 4, 2002, she was involved in a domestic dispute with Appellant that resulted in his arrest. The dispute was over a piece of mail that Appellant had brought home from his route, which he accused her of hiding. Ms. Dantona's report of the purloined mail was included in the police report and, as a result, she was contacted by the Postal Inspection Service soon thereafter. When asked about the mail, she informed the Postal Inspector that Appellant had brought home various pieces of mail from his route each week over a time period spanning several years.

Following Appellant's arrest, the couple entered into a separation period during which Appellant moved in with his parents while Ms. Dantona prepared to move out of the marital home. As she was packing her belongings, she found several hundred pieces of mail. She contacted the Postal Inspection Service and turned over the mail to Postal Inspectors.

Shoshana Grove, the Bethesda Postmaster, testified that she supervised Appellant while he was an employee servicing the

---

[2] A transcript of the trial has not been prepared, but the court has reviewed a recording of the proceeding, which is in the court file.

20814 zip code. She identified the mail that came out of the Dantona house as addressed to routes Appellant generally worked and stated that there were no circumstances in which a mail carrier was permitted to take mail home.

The Postal Inspector, Joe Cronin, testified that much of the mail that he received from Kathryn Dantona when he went to her home was labeled with addresses that corresponded to routes Appellant served as a mail carrier. He further asserted that most of the mail contained markings indicating that it had been in the mail stream.

Appellant's counsel vigorously cross-examined each witness and presented a number of witnesses. Customers from Appellant's mail route testified that they had never had any problems with him as their mail carrier. Character witnesses described Appellant as an honest and trustworthy employee. Appellant's mother testified that she had visited his home often and never noticed mail that did not belong to Appellant or his wife. Appellant himself took the witness stand and testified that he and his wife began having marital difficulties soon after their wedding, that his wife was familiar with his mail carrier routes, and that mail was accessible at the post office dumpster and from mailboxes along his route, suggesting that his wife had stolen the mail.

At the conclusion of the testimony, Judge Laws found that Petitioner willfully obstructed mail that was in the mail stream by keeping it for various lengths of time at his home, in violation of 18 U.S.C. § 1701. In so ruling, the court specifically credited the testimony of Appellant's wife, the Postal Inspector and the Postmaster. Accordingly, Appellant was found guilty as charged. He was sentenced to three years of probation, three hundred hours of community service, court-ordered mental health and anger management classes, and ordered to pay a fine in the amount of $500.00.

On January 21, 2003, Appellant noted the instant appeal. (ECF No. 1). He filed a brief on February 28, 2003, stating that the charge against him was "not supported beyond a reasonable doubt." (ECF No. 4). The government filed its brief in opposition on April 16, 2003 (ECF No. 5), and Appellant filed a reply on May 20, 2003 (ECF No. 6).

Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry" by "fil[ing] a notice with the clerk specifying the judgment being appealed and . . . serv[ing] a copy on the adverse party." Rule 58(g)(2)(D) provides that "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Thus, in

4

reviewing a judgment of conviction entered by a magistrate judge, a "district court utilizes the same standards of review applied by a court of appeals in assessing a district court conviction," rather than conducting a "trial *de novo*." *United States v. Bursey*, 416 F.3d 301, 305 (4th Cir. 2005).

Appellant essentially challenges the legal sufficiency of the evidence against him. The standard of review applicable to such a challenge was recently set forth by the United States Court of Appeals for the Fourth Circuit as follows:

> "A defendant challenging the sufficiency of the evidence faces a heavy burden." *United States v. Foster*, 507 F.3d 233, 245 (4th Cir. 2007). In a sufficiency of the evidence challenge, [the court views] the evidence on appeal in the light most favorable to the government in determining whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *United States v. Collins*, 412 F.3d 515, 519 (4th Cir. 2005). [It] review[s] both direct and circumstantial evidence, and accord[s] the government all reasonable inferences from the facts shown to those sought to be established. *United States v. Harvey*, 532 F.3d 326, 333 (4th Cir. 2008). [It does] not review the credibility of the witnesses and assume[s] that the [fact-finder] resolved all contradictions in the testimony in favor of the government. *United States v. Kelly*, 510 F.3d 433, 440 (4th Cir. 2007). [The court] will uphold the [fact-finder's] verdict if substantial evidence supports it and will reverse only in those rare cases of clear failure by the prosecution. *Foster*, 507 F.3d at 244–45.

*United States v. Cone*, 714 F.3d 197, 212 (4th Cir. 2013).

Appellant has failed to meet his "heavy burden" here. Pursuant to 18 U.S.C. § 1701, "[w]hoever knowingly and willfully obstructs or retards the passage of the mail, or any carrier or conveyance carrying the mail, shall be fined . . . or imprisoned." 18 U.S.C. § 1701. The elements of the offense are "(1) obstructing or retarding (2) the passage of mail (3) willfully and knowingly." *United States v. Fleming*, 479 F.2d 56, 57 (10th Cir. 1973). The testimony of Kathryn Dantona, Joe Cronin, and Shoshana Grove unequivocally established Appellant's violation of this provision. Although Appellant offered an alternative theory as to how the mail was obstructed, a district court is not permitted to "weigh the evidence or assess the credibility of witnesses" on appeal. *United States v. Kelly*, 510 F.3d 433, 440 (4th Cir. 2007). The critical question is whether "a reasonable finder of fact could accept [the evidence] as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Kelly*, 510 F.3d at 440 (quoting *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). In the instant case, that question must be answered affirmatively.

Accordingly, it is this 20th day of August, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Appellant's judgment of conviction BE, and the same hereby IS, AFFIRMED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the government and directly to Appellant and to CLOSE this case.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge